IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         No. CV 07-0448 WJ/CEG
                                                           CR-05-1249 WJ

JACINTO GONZALEZ-MARCELO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's motion to recall mandate (CV Doc. 1; CR Doc. 32) filed May 7, 2007. By plea agreement, Defendant pled guilty to an indictment charging him with re-entry of a deported alien previously convicted of an aggravated felony under 8 U.S.C. § 1326(a)(1), (2), and (b)(1). In his motion, Defendant asserts that his sentence does not conform to the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), and is unreasonable.

    As a preliminary matter, upon conviction of a criminal defendant the district court enters a judgment and not a mandate. *Compare* 18 U.S.C. § 3582(b); Fed. R. Crim. P. 32(k) (discussing criminal judgment) *with* Fed. R. App. P. 41(a) (describing appellate mandate). Except at the appellate level, therefore, a motion to recall mandate does not provide a statutory basis for attacking a criminal sentence. The terms of 28 U.S.C. § 2255 provide the exclusive avenue for attacking a sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"),[1] and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human*

---

[1] A defendant may petition for a writ of habeas corpus if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody. *See United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

*Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).  Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States. . . ."  § 2255.

In a post-judgment criminal proceeding where the defendant challenges a sentence in a motion that is not brought under § 2255,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  In light of the ruling in *Kelly*, the Court notes that the instant motion, if construed under § 2255, may be untimely and Defendant may be barred from filing a subsequent § 2255 motion.  If Defendant does not withdraw the motion, the Court may deny it or recharacterize and consider it as a motion under § 2255.

IT IS THEREFORE ORDERED that Defendant is hereby NOTIFIED that, within twenty (20) days from entry of this order, he may withdraw his motion to recall mandate or he may notify the Court in writing that he agrees to have the motion recharacterized and considered as a motion under 28 U.S.C. § 2255.

_____
UNITED STATES MAGISTRATE JUDGE